Dissenting opinion of
Pjsebman, J.:
I dissent from the opinion of a majority of the court on the question that a party who promises to pay after knowledge of the facts which discharge him, such as failure to make demand and give notice of dishonor, or protest a foreign bill, must also he shown to have known, as a matter of law, that these facts discharge him, or the promise will not bind.
T cannot assent to this, because it is opposed to an axiom in our law that ignorance of law does not excuse any man, and in all departments of law it has always been a presumption that every man knows the law or may do so. In the next place, it is utterly impracticable to administer the law on the opposite principle. How is it possible to prove a party knew the law of his case? Who can show, as a matter of testimony, that a man knows the rule of commercial law that he is discharged by failure to take certain steps to fix his liability? If the party comes in, under our present rule, and swears, as a witness, he did not know he was discharged, it is utterly impossible to contradict him. Practically, the rule reorders it impossible to bind a party by a new promise. He will, in almost any case, swear he was ignorant of the law, and no counter proof can be made; a rule of law based on proof of facts that can never be met or rebutted, and which can always be made by the defendant, is, to my mind, an incongruity such as ought not to exist in any system of jurisprudence, and can never be made sound by any number of decisions to that effect. I may add, that the weight of authority is as overwhelmingly against the proposition as the reasoning is conclusive against it.
In addition, I do not think our own cases relied on, when fairly construed in connection with these facts, necessarily hold this doctrine, nor, as I think, any of the cases cited *309 would, on these facts, sustain such a view as they are cited to sustain.
1 therefore dissent from the opinion on this point, while I agree with it on the other questions, and therefore with the conclusions arrived at on result of the case.